**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

RECEIVED

2020 FEB 20 A 10: 05

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| LEWIS ALEXANDER, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) **CIVIL ACTION NO.:** |
| v. | ) *2:20-cv-0117* |
| | ) |
| BRIGGS & STRATTON , | ) **JURY DEMAND** |
| | ) |
| DEFENDANT. | ) |
| | ) |
| | ) |

**COMPLAINT**

## I.    JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331,

1343(4), 2201 and 2202. This suit is authorized and instituted pursuant to Title

VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act

of 1991, 42 U.S.C. Section 2000(e), *et seq*. (hereinafter "Title VII"), 42 U.S.C.

§ 1981a and 42 U.S.C.§ 1981. The jurisdiction of this Court is invoked to

secure the protection of and to redress the deprivation of rights secured by Title

VII and 42 U.S.C.§ 1981, providing for injunctive and other relief against race

discrimination, and retaliation, and the Family Medical Leave Act ("FMLA"),

29 U.S.C. 2601 et. seq.

2.    Plaintiff has fulfilled all conditions precedent to the institution of this action

under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. § *2000e et seq.* Plaintiff timely filed his charge of discrimination within 180 days of the occurrence of the last discriminatory act. Plaintiff timely filed his lawsuit within 90 days of the receipt of his Right-to-Sue letter from the EEOC.

3.  Venue is proper in the Middle District of Alabama under 28 U.S.C. §1391(b), and the Northern Division pursuant to Title VII's venue provision, 42 U.S.C. § 2000e-5(f).

## II.   PARTIES

4.  Plaintiff, Lewis Alexander ("Plaintiff") is a citizen of the United States, and a resident of the State of Alabama.

5.  Defendant, Briggs & Stratton Corporation ("Defendant") is an entity subject to suit under Title VII and 42 U.S.C. § 1981.

## III.   FACTS

6.  Defendant is headquartered in Milwaukee, Wisconsin and is the world's largest producer of gasoline engines for outdoor power equipment.

7.  Plaintiff is a forty eight year old African American man who began working for Defendant twenty-three years ago on July 15, 1996 as an Operator, and he was promoted to Set Up C and then eventually to Set Up B.

8.  About eight years ago Plaintiff moved to the quality department where he

audited engines, and he performed that job until his termination in 2019.

9.  Around the middle of August 2019, Plaintiff took Family Medical Leave for a hip injury and returned to work on or around September 26, 2019.

10. Plaintiff was out of work on FMLA during a new quality system software implementation; therefore, when he returned, he requested specific training on that system in early October 2019.

11. Defendant failed to provide Plaintiff sufficient training, and around October 9th, 2019, Plaintiff emailed the Senior HR Business Partner, Kristin Derwinski, and the HR Manager, Kyle Hester, regarding the insufficient training he was getting from the Analyst who had been assigned to train him, Jim Lowery.

12. Meanwhile, Plaintiff's direct supervisor Charlotte Hall had been discriminating against Plaintiff and other African Americans by denying them training, harassing them, disciplining them and giving them more difficult jobs. For example, Plaintiff had to do two jobs and his white co-worker, Lucas, was only doing one.

13. On October 14, 2019, Plaintiff met with supervisor Hall and told her that she was treating him differently from his white co-worker Lucas because Lucas is white and he is black.

14. Hall listened to Plaintiff's complaint with open contempt, indicting she was not going to change her discriminatory treatment of Plaintiff.

15. When Hall's discriminatory treatment of Plaintiff did not stop, on October 17, 2019 Plaintiff sent an email to HR Manager Hester stating that he and other African Americans in the Quality Dept. were being racially discriminated against.

16. The next day on October 18, 2019, Hester emailed Lewis in response to his email complaining of discrimination stating "Hey Lewis, I hope you are feeling alright today. When you get back Monday, we will sit down and discuss this matter in more detail. Have a good weekend, Kyle (Hester)."

17. On or around October 20th or the 21st, Plaintiff spoke to HR Manager Hester and Plant Mgr. (Eric Rodriguez) about the discrimination complaint he had just made. During that meeting, Plaintiff presented them with a copy of his unsigned EEOC charge and told them that if things didn't change that he would have to file his charge with the EEOC. Plaintiff gave them a list of witnesses who would support his discrimination complaint, and Hester and Rodriguez told Plaintiff that they were going to investigate and get back with him.

18. On October 30, 2019, at 12:16 PM, Plaintiff sent a second email to HR Mgr. Hester stating as follows: "Kyle (Hester) I been straightforward with you since the day we met. That paper I gave you from the EEOC that wasn't signed when I get off work I am going to sign it and fax it back in. I don't know how your investigation is coming along but I don't really expect any real change to come

about ..."

19. Less than two hours after Plaintiff sent the above email saying he was going to file his EEOC charge, Quality Manager Chris Hewitt took Plaintiff to the Plant Manager's conference room where Plant Mgr. Rodriguez and HR Mgr. Hester waited.

20. HR Mgr. Hester stated they had conducted an investigation and they did not find anything to support Plaintiff's allegations of race discrimination.

21. Hewitt then told Plaintiff that on October 1st, 2nd and 14th he had allegedly falsified documents because they were not in "infinity", and that they could not tolerate this and they had to let him go.

22. Plaintiff knew he had not falsified anything, and explained that he could get a copy of the documents from the plant floor for those dates that proved that he had done nothing wrong. However, HR and management ignored Plaintiff's attempts to defend himself and told him that he was no longer allowed on the floor and escorted Plaintiff out of the plant around 1:50 p.m.

23. Defendant subsequently created a corrective action form and stated on it that Plaintiff had refused to sign it; however, Defendant never showed that document to Plaintiff meaning he never had an opportunity to refuse to sign it.

24. Defendant replaced Plaintiff with a white woman named Beverly Capps.

25. Defendant's articulated reasons for disciplining and terminating Plaintiff are

false and/or a pretext for race discrimination. And, in the alternative, even if Defendant had legitimate reasons for the above stated adverse actions it took towards Plaintiff, race discrimination remained at a least motivating factor in its decisions.

26. But for Plaintiff's complaints of discrimination, Defendant would not have disciplined or terminated him.

27. Defendant, by and through its agents, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

28. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, liquidated, compensatory and punitive damages is his only means of securing adequate relief.

29. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## IV. CAUSES OF ACTION

### Count I Race Discrimination

30. Plaintiff re-alleges and incorporates by reference the above stated factual paragraphs with the same force and effect as if fully set out in specific detail below.

31. Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. as amended, and 42 U.S.C. Section 1981a, and 42 U.S.C. Section 1981.

32. During his employment, Defendant discriminated against Plaintiff because of his African American race by taking adverse employment actions against him up to and including disciplining and terminating his employment.

33. Defendant's articulated reasons for these adverse employment actions, up to and including termination, are not legitimate.

34. Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for the actions it took towards Plaintiff, race remained at least a motivating factor in the adverse employment actions Defendant took against him.

35. Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

36. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is his only means of securing adequate relief.

37. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## Count II  Retaliation

38.   Plaintiff re-alleges and incorporates by reference the above stated factual paragraphs with the same force and effect as if fully set out in specific detail herein below.

39.   Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. as amended, and 42 U.S.C. Section 1981a, and 42 U.S.C. Section 1981.

40.   Plaintiff complained of discrimination to management and Human Resources.

41.   In response to Plaintiff's opposition to discrimination, Defendant retaliated against Plaintiff by disciplining him and terminating his employment.

42.   There is a causal relationship between Plaintiff's opposition to discrimination and the materially adverse employment actions taken against him by Defendant.

43.   Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

44.   Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is his only means of securing adequate relief.

45.   Plaintiff is now suffering, and will continue to suffer, irreparable injury from

Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### Count III    FMLA Retaliation

46.    Plaintiff re-alleges and incorporates by reference the above stated factual paragraphs with the same force and effect as if fully set out in specific detail herein below.

47.    Plaintiff had a serious health condition pursuant to 29 U.S.C. 2612 and 29 C.F.R. 825.113.

48.    Defendant is an employer in accordance with 29 U.S.C. 2611 and 29 C.F.R. 825.104.

49.    Plaintiff was an eligible employee under 29 C.F.R. 825.110 entitled to take leave for his serious health condition.

50.    Plaintiff requested and took leave for his serious health condition.

51.    Plaintiff engaged in statutorily protected activity by requesting leave for his serious health condition and taking leave.

52.    Subsequent to Plaintiff taking leave, Defendant unlawfully retaliated against Plaintiff by terminating Plaintiff's employment. 29 C.F.R. 825.220. Defendant's actions were causally connected to Plaintiff's protected activity.

53.    Defendant's actions were willful and unreasonable.

54.    As a result of Defendant's actions and inactions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial

of wages, compensation, and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury including pain, humiliation, mental anguish and suffering, and loss of enjoyment of life.

## V. DAMAGES

55. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish, and lost wages as a consequence of Defendant's unlawful conduct.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

56. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981.

57. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq, and 42 U.S.C. § 1981.

58. Enter an Order requiring Defendant to make Plaintiff whole by awarding him reinstatement in the position and salary level he would have occupied absent discrimination and retaliation, backpay, front pay if reinstatement is not possible, lost wages (plus interest), medical expenses, compensatory and punitive damages, liquidated damages, post judgment interest, loss of benefits including retirement, pension, seniority and other benefits of employment.

59. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

## JURY DEMAND

Plaintiff Demands a Trial by Struck Jury.

Respectfully submitted,

/s/ _____

Jon C. Goldfarb asb-5401-f58j
L. William Smith asb-8660-a61s
Christina M. Malmat asb-1214-y44q
Lieselotte Carmen-Burks asb-8304-t46e
Counsel for Plaintiff

**OF COUNSEL:**
**WIGGINS CHILDS PANTAZIS**
**FISHER & GOLDFARB, LLC.**
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**Defendant's Address:**
**BRIGGS & STRATTON**
c/o CORPORATION SERVICE COMPANY INC
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104